**Charles Tony CEFALU, Jr., on Behalf of his Minor Son, Charles Tony CEFALU, III,**

v.

**EAST BATON ROUGE PARISH SCHOOL BOARD and the State of Louisiana through the Department of Education.**

Civ. A. No. 94–25–B–M2.

United States District Court,
M.D. Louisiana.

Aug. 15, 1995.

Tammy L. Pruet, Baton Rouge, LA, for Charles Tony Cefalu, Jr.

Robert L. Hammonds, Hammonds & Sills, Baton Rouge, LA, for East Baton Rouge Parish School Bd.

Margot Ann Tillman–Fleet, State of Louisiana, Department of Education, Baton Rouge, LA, for State of Louisiana.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This case requires the Court to decide whether the federal Individuals with Disabilities Education Act ("IDEA")[1] requires a local school board to provide a sign language interpreter to a hearing impaired student who attends a private, parochial school. For reasons which follow, this Court finds that, under the facts of this case, the IDEA does require the school board to provide a sign language interpreter to this plaintiff while he attends a private, parochial school. Therefore, the Court denies the defendant's motions for summary judgment and grants the plaintiffs' motion for summary judgment.

### FACTS

The plaintiffs have filed this suit seeking a declaratory judgment and injunctive relief. The facts in this case have been largely stipulated to by the parties. Charles Cefalu III ("Charlie") is a fourteen year old high school student who has had a hearing impairment since birth. Charlie is and has been eligible to receive special education and related services from the East Baton Rouge Parish School Board through funding provided for in the IDEA. Each year, Charlie's Individualized Education Plan ("IEP")[2] has recommended, *inter alia*, that Charlie should be provided a sign language interpreter while attending school.

---

**1.** 20 U.S.C.A. § 1400–1491*o* (West 1990 & Supp. 1995).

**2.** The IEP is an annual evaluation which identifies and formulates a plan as to how to meet the specific needs of a child who is eligible to receive

benefits under the IDEA. If the parents agree to the recommendations, the plan is implemented. *See* 20 U.S.C.A. § 1401(a)(20) (West 1990 & Supp.1995); 20 U.S.C.A. § 1414(a)(5) (West 1990 & Supp.1995).

Until the 1993–94 school year, Charlie was enrolled in the East Baton Rouge Parish public school system where he received special education and services, including a sign language interpreter. All parties concede that the services Charlie received in the public school system were adequate to meet Charlie's needs. In 1993, Charlie's parents, for religious and other reasons, voluntarily enrolled him in Redemptorist High School ("Redemptorist"), a private, parochial school located in Baton Rouge. The East Baton Rouge Parish School Board denied the Cefalus' request that the school board provide Charlie with a sign language interpreter while he attends Redemptorist. The school board did agree to provide the services recommended in the IEP to Charlie if he would enroll in the East Baton Rouge Parish public school system. After exhausting administrative appeals, the Cefalus filed suit in this Court seeking declaratory and injunctive relief.[3]

When this suit was filed, the most recent IEP only identified Charlie's needs for the previous school year. Therefore, the case was stayed pending further discussions between the parties and the development of a new IEP.[4] The new IEP made the same findings and recommendations as previous IEP's. The Cefalus refused to sign the IEP because the school board refused to provide an interpreter for Charlie while he attends Redemptorist. Thereafter, the parties filed a stipulation with this Court acknowledging that the outcome of an administrative appeal would be identical to the previous administrative proceedings which affirmed the school board's decision. The parties also agree that there are no material issues of fact in dispute in this case.[5] Therefore, the sole issue to be determined on the parties cross motions for summary judgment is a legal issue, i.e. whether, under the IDEA, the school board must provide Charlie with a sign language interpreter while he attends Redemptorist, a private, parochial school.

## DISCUSSION

### A. The Parties' Claims

The defendants argue that the applicable statutes and federal regulations give the school board discretion to decide whether and to what extent services will be provided to a disabled student who has been voluntarily placed in private school. The defendants contend that the IDEA's purpose is to subsidize public school programs which aid in the education of handicapped students. Finally, the school board argues that if the Court ordered the school board to provide these services in a private school setting, the effectiveness of the existing programs in the public schools would be diluted, and there would be a drain on limited resources.

The plaintiffs argue that the IDEA's purpose is to provide aid for the education of all handicapped children whether they are being educated in public or private schools. Plaintiffs contend that the school board is obligated to provide "comparable benefits"[6] to stu-

---

3. *See* 20 U.S.C.A. § 1415 (West 1990 & Supp. 1995).

4. In formulating the new IEP, there remained the possibility that the school board would find that an interpreter was no longer needed, the school board would agree to provide an interpreter at Redemptorist, or the Cefalus would agree to the new IEP. Any one of these outcomes would have made this case nonjusticiable and moot.

5. Because of the parties stipulation, this case does not present any question of education policy. All parties agree that Charlie needs an interpreter. Thus, the issue before the Court is a legal one. *See Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982). *See also Salley v. St. Tammany Parish Sch. Bd.*, 57 F.3d 458, 463 (5th Cir.1995) (quoting *Daniel R.R. v. State Bd. of Educ.*, 874 F.2d 1036, 1048 (5th Cir.1989)), wherein the Fifth Circuit Court of Appeals stated:

Congress left the choice of educational policies and methods where it properly belongs—in the hands of state and local school officials. Our task is not to second-guess state and local policy decisions; rather, it is the narrow one of determining whether state and local school officials have complied with the Act.

6. 34 C.F.R. § 76.654(a) (1994) states:

(a) *Comparable benefits.* The program benefits that a [school board] provides for students enrolled in private schools must be comparable in quality, scope, and opportunity for participation to the program benefits that the [school board] provides for students enrolled in public schools.

dents, such as Charlie, who are enrolled in private school. According to the plaintiffs, the aid of a sign language interpreter is a comparable benefit that can only be provided to Charlie while he is attending Redemptorist, as opposed to a benefit that can be provided off-site for a few hours, such as speech therapy.

## B. IDEA Benefits for Private School Students

It is important to emphasize what relief the plaintiffs are seeking in this case. The plaintiffs seek to have the defendants provide a sign language interpreter for their son while he attends Redemptorist. The plaintiffs are not asking the defendants or this Court for funds to pay the child's tuition at Redemptorist.[7] It is clear that the IDEA does extend benefits to students who attend private schools. Specifically, the IDEA and the regulations require that the public school system shall "provide special education and related services designed to meet the needs of private school children [as well as public school children] with disabilities residing in the jurisdiction of the [local school district]." [8] Furthermore, it is clear that if Congress had intended that the funds and services required by the IDEA were only to be provided to students who attend public schools, it would have expressed that intention. On the contrary, the IDEA and regulations clearly and specifically require that funding and services also be provided to students who attend private schools. It is not the role of this Court to rewrite a statute passed by the Congress of the United States. If and when Congress wants to limit funds and services mandated by the IDEA to public school students, it can amend the IDEA to achieve that end. Until then, this Court is obligated to enforce the clear and unambiguous provisions of the IDEA which provide for funding and services to students who attend private schools as well as students who attend public schools.

The legal issue now pending before this Court was recently decided in a well-reasoned opinion rendered by the United States District Court for the Southern District of Indiana in *K.R. by M.R. v. Anderson Community School Corporation.*[9] Because this Court fully agrees with the reasons and conclusions made in Judge Hamilton's opinion, the Court adopts his opinion in *Anderson* as its opinion in this case.

Specifically, the Court finds that the school board must provide Charlie with a sign interpreter while he attends Redemptorist. Unlike some services which can be provided from time to time, the purpose of a sign language interpreter is to provide Charlie with assistance in the classroom virtually all of the time. This particular benefit would be meaningless if the sign language interpreter was not at the private school with Charlie in his classroom.

For the reasons set forth above, the plaintiffs' motion for summary judgment is granted, and the defendants' motions for summary judgment is denied. The plaintiffs shall be entitled to recover a reasonable attorney's fee as the prevailing party in this case.[10] If the parties cannot agree on an attorney's fee, the Court shall set an appropriate fee. Within five days, the parties shall submit a proposed judgment in accordance with this opinion. Because the 1995–96 school year is about to begin, the Court shall order the injunctive relief to be implemented immediately even if the attorney's fee issue cannot be resolved by the parties within the five day period.

Therefore:

**IT IS ORDERED** that the plaintiff's Motion for Summary Judgment be and it is hereby **GRANTED.**

---

7. The regulations provide that if a child's needs can be met in the public school system, the public system is not required to pay for the child's tuition if the parents choose to place the child in a private school. *See* 34 C.F.R. § 300.403(a) (1994).

8. 34 C.F.R. § 300.452 (1994). *See also* 34 C.F.R. § 300.403(a) (1994).

9. 887 F.Supp. 1217 (S.D.Ind.1995).

10. *See* 42 U.S.C.A. § 1988 (West 1994); 20 U.S.C.A. § 1415(e)(4) (West 1990 & Supp.1995). *See also Farrar v. Hobby*, 506 U.S. 103, 108–13, 113 S.Ct. 566, 571–73, 121 L.Ed.2d 494 (1992).

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment filed by the defendants, the East Baton Rouge Parish School Board and the State of Louisiana, be and they are hereby **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall submit a proposed judgment in accordance with this opinion within five days.